# WILLIAM L. WELCH, III
### ATTORNEY

**5305 VILLAGE CENTER DRIVE, SUITE 142**
**COLUMBIA, MARYLAND 21044**

TELEPHONE: (410) 615-7186             FACSIMILE: (410) 649-5217

August 15, 2019

Hon. Paula Xinis
Chambers 400
Federal Courthouse
6500 Cherrywood Lane
Greenbelt, Maryland 20770

      Re:   *United States v. Ashley Alston*
            Crim. No(s).  1:19-cr-00158-JKB-15

Dear Judge Xinis:

      At the status hearing on July 18, 2019, I raised the issue that searching the government's disclosures for references such as names and phone numbers has become more difficult. The Court instructed me to submit a status report about the matter by August 15, 2019.

      Currently, this issue has also arisen in *United States v. Bailey,* 1:19-cr-00137-PWG. Accordingly, I am also filing this correspondence in that case. In addition, I am copying Mss. Maureen Essex and Teresa Whalen, because they recently circulated a poll regarding discovery issues, although their questions do focus on different discovery issues.

      The current problem with searching the government's disclosures is similar to, but not exactly the same one that I remember in *United States v. Bohl & Bell,* 1:16-cr-00484, 485-JKB and in *United States v. Bohl & Johnson,* 1:16-cr-00363-JKB. Then, many .pdf documents were being provided as images, which were not searchable for text at all. The issue was whether the Court needed to order the government to render its disclosures compatible with optical character recognition before producing them, instead of having many different defense attorneys do so individually and largely at C.J.A. expense. While it had been a reoccurring issue in cases involving large amounts of electronically stored information, in my experience the government usually provides .pdf documents which are text searchable now.

      Now, the problem is that each .pdf file must be opened individually and then searched individually, reentering each search term(s) each time. Previously, I had been able to open one .pdf file on a disk and then, using the advanced search feature in Adobe Acrobat Pro, search all of the .pdf files on the disk for specific text by entering a term one time. This generated a list of relevant documents. The loss of this

search functionality appears to be a consequence of the government encrypting the data.

I have consulted the government, the Federal Public Defender's Office (FPD), and Litigation Support in the Defender Services Office. Unfortunately, I do not believe that there is a readily available software program that would permit searching all of the .pdf files on the medium where they are received as was the case previously.

According to Assistant U.S. Attorney Lauren Perry, Department of Justice policy does not permit copying any information onto removable media without encryption. Justice Manual, 3-15.120, https://www.justice.gov/jm/jm-3-15000-security-programs-management#3-15.120. The U.S. Attorney's Office uses McAfee Drive Encryption software.

Ms. Kim Whaley, who is an investigator with the FPD, confirmed that she has likewise found that she cannot search directly on the encrypted medium on which .pdf files are received from the government all of them at one time. She informed me that she prepares a text searchable database, when the FPD receives large amounts of encrypted .pdf files in discovery. The FPD then uses dtSearch, which is the search engine in computer programs, such as Forensic Tool Kit, CaseMap and Adobe Acrobat Pro.

The Defender Services Office does indicate that the National Litigation Support Team (NLST) can provide direct support to C.J.A. lawyers to the extent that NLST has the time and resources to prepare a text searchable database. https://www.fd.org/litigation-support/direct-assistance-cja-panel. There are also third party vendors, who do the work.

Presently, I have not inquired about the NLST's availability to assist me in this case or in the *Bailey* case. So far, I have been able to identify and search the files relevant to my client. However, that might be more luck of the draw than anything else. In the *Bohl* case, I was not so fortunate.

      I suggest that by the next status hearing the Court should inquire whether the FPD would be able to make a searchable database available to defense counsel. If not, then I would suggest that the Court should designate discovery counsel to coordinate with either NLST or a third party vendor regarding the preparation of a text searchable database.

      Sincerely,

      /s/ William L. Welch, III

      William L. Welch, III

cc:    Hon. Paul W. Grimm
       Ms. Maureen Essex
       Ms. Teresa Whalen
       All parties via ECF